# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **KATHY MCCOWAN,** | ) |
| plaintiff, | ) ) ) |
| v. | )     CAUSE NO. 1:07-cv-0087 AS |
| **DEBORAH PETERSON, SCOTT RUSSELL, and EDUCATION SERVICES OF AMERICA,** | ) ) ) ) ) |
| defendants. | ) |

### *MEMORANDUM, OPINION AND ORDER*

Kathy McCowan filed a *pro se* complaint pursuant to 42 U.S.C. §1983 against Educational Services of America, a private company, and two of the company's employees. The plaintiff alleges that from November 1, 2006, to March 19, 2007, the defendants engaged in unlawful employment practices, committed employment discrimination against her, and retaliated against her for complaining of her employment conditions. The plaintiff also seeks leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive or captious litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. 25 , 31, 112 S.Ct.

1728, 1733, 118 L.Ed.2d 322 (1989). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989), *cert. denied*, 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez*, 504 U.S. at 32, 112 S.Ct. at 1733.

The plaintiff brought this complaint pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

Generally, plaintiffs bring employment discrimination claims, such as those the plaintiff presents, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. There are circumstances that may allow a plaintiff to bring an employment discrimination claim pursuant to § 1983, rather than § 2000e, *see Clinton v. Jones*, 520 U.S. 681, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997), but those circumstances do not exist here.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). If the

person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961).

In *Clinton v. Jones*, the plaintiff was a state employee, and the defendant was a state actor when he allegedly made abhorrent sexual advances against the plaintiff and retaliated against her for refusing his advances. The defendants in this case are a private company and two employees of that company. Absent very unusual circumstances, private persons do not "act under color of state law," and the facts presented in this action do not suggest that these defendants acted "under color of state law" when they took the actions the plaintiff believes constituted employment discrimination and retaliation.

In some circumstances, this court might consider the plaintiff's claim under § 2000e, even though it was filed on a §1983 form. But the plaintiff has not submitted the materials necessary to allow the court to determine if she meets the statutory requirements to file such a claim. Section 2000e-5(f)(1), requires a complaining party to file suit within 90 days after receiving a right to sue letter. The plaintiff's submissions do not establish whether she has obtained a right to sue letter, and the dates stated in the complaint establish that she would not have had time to submit her claims to the Equal Employment Opportunity Commission and obtain a right to sue letter before filing this complaint. The complaint states

that the defendants' discrimination against her lasted through March 19, 2007, and she filed her complaint less than a month later, on April 17, 2007.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (docket #2), and **DISMISSES** the plaintiff's complaint pursuant to 28 U.S.C. §1915(e)2(B)(i) without prejudice to her right to bring her discrimination claims in an action pursuant to 42 U.S.C. § 2000e.

**IT IS SO ORDERED.**

**ENTERED**: April 25, 2007

                                            S/ ALLEN SHARP
                                   **ALLEN SHARP, JUDGE**
                                   **UNITED STATES DISTRICT COURT**